THE CONTINENTAL NATIONAL BUILDING AND LOAN ASSOCIATION, ET ALS., APPELLANTS, VS. G. S. SCOTT, RECEIVER, DEFENDANT.

1.  A demurrer does not lie to the rule to show cause in contempt proceedings.

2.  In proceedings for contempt if the affidavits or motion for the rule to show cause be substantially defective, or the showing made for issuing the rule be insufficient, the proper practice is to move to discharge the rule.

Appeal from the Circuit Court for Alachua County.

The facts in the case are stated in the opinion of the Court.

*Horatio Davis* for Appellants.

*R. L. Anderson* for Defendant.

CARTER, J.:

On September 14, 1898, upon motion and affidavits

filed, this court issued a rule against the defendant requiring him to show cause why he should not be held and adjudged in contempt for his alleged violation of the supersedeas obtained upon an appeal in chancery now pending in this court from a decree entered by the Circuit Court of the Fifth Circuit in a cause wherein the Continental National Building & Loan Association *et al.*, appellants in this court, were defendants, and D. A. Miller *et al.* appellees in this court were complainants, the alleged violation consisting in defendant's failure and refusal to deliver to G. W. Hyde, president of one of the appellant corporations, the books, papers and assets of said corporation, that had come into his hands as receiver by reason of the decree appealed from. The defendant files what purports to be a demurrer to the rule alleging that the "rule issued against him is insufficient and should not have been issued," because it fails to allege various matters which he contends are necessary to be shown in order to hold him for contempt. There is a motion to strike from the files this demurrer upon the ground that no such pleading as a demurrer to the rule is authorized or recognized in contempt proceedings.

We are of opinion that this motion is well taken. In Columbia Water Power Co. v. Columbia, 4 Rich. (S. C.) 388, the court say "it is not necessary that the matters alleged as the ground of the charge of contempt should appear on the face of the rule. The rule was mere process, and was sufficient, if it appeared that the proceeding was one within the jurisdiction of the court." Ordinarily defects in process are grounds for motions to quash—not for demurrer. The proceeding by rule to punish for contempt seems to be a very ancient one, and we have been unable to find a single case where a demurrer to the rule has ever been resorted to

in the absence of a statute authorizing it, or changing the nature of the rule as it existed at common law. The rule is not a pleading; it is merely process founded upon a motion and affidavits, and a demurrer to the rule can not reach defects in the motion or affidavits. If the affidavits or motion be defective, or the showing made for issuing the rule be insufficient, the proper practice is to move to discharge the rule. Cheadle v. State, 110 Ind. 301, 11 N. E. Rep. 426.

The motion to strike the demurrer is granted.